Gaetano Pimpinello, Respondent, *v.* Swift & Company, Inc., Appellant.

(Argued January 6, 1930; decided February 11, 1930.)

*James G. Purdy* for appellant. In the absence of an allegation that the defendant participated in or had knowledge of the alleged fraud perpetrated upon plaintiff by his attorney, who concededly had authority to settle the action, the amended complaint sets forth no cause of action against appellant. (*De Louis* v. *Meek*, 2 G. Greene [Ia.], 55; *Dalton* v. *West End St. Ry. Co.*, 159 Mass. 221; *North Whitehall Township* v. *Keller*, 100 Penn. St. 105; *Davis* v. *First Nat. Bank*, 139 Ga. 702; *Mandeville* v. *Reynolds*, 68 N. Y. 528.) The plaintiff's own negligence is the direct cause of the situation in which he is placed. (*Albert* v. *Milwaukee & Superior R. R. Co.*, 87 Wis. 105; *Bates* v. *Bates*, 124 Ala. 424; *Spitze* v. *B. & O. R. R. Co.*, 75 Md. 162.)

*Paul Jones* for respondent. If the plaintiff was ignorant of the contents of the paper he signed through inability to read it, and as there was fraud in its procurement, it is immaterial that the defendant did not participate in the fraudulent transaction; the instrument is void in its hands and it cannot retain its benefits. (*Whipple* v. *Brown*, 225 N. Y. 237; *Huguenin* v. *Baseley*, 14 Vesey,

289; *Bedell* v. *Bedell*, 37 Hun, 419; *Smith* v. *Ryan*, 191 N. Y. 452; *Cleary* v. *Municipal Electric Light Co.*, 139 N. Y. 643; *Battle* v. *Clavetta*, 132 Misc. Rep. 48.) Plaintiff's attorney was without authority to settle his client's cause of action for the consideration specified in the alleged release; and the procurement of plaintiff's signature to the instrument in question being accomplished by fraudulent means, he is entitled to be relieved against it. (*De Louis* v. *Meek*, 2 G. Greene [Ia.], 55; *Dalton* v. *West End St. Ry. Co.*, 159 Mass. 221; *Halker* v. *Parker*, 7 Cranch, 436; *Morecroft* v. *Taylor*, 225 App. Div. 562; *Moore* v. *Bonbright & Co.*, 202 App. Div. 281.)

Kellogg, J.  The complaint alleges that in December, 1925, the plaintiff commenced an action against the defendant to recover damages for personal injuries sustained through the negligent operation, by the defendant's servants, of a certain motor truck; that in April, 1928, the plaintiff's attorney represented to the plaintiff that the defendant had agreed to pay $750 on account of the plaintiff's claim, and that when the case was reached for trial the defendant would pay a larger amount in full settlement.  The complaint then alleges as follows: " that the plaintiff, relying on the said representation so made to him and believing the same to be true and it being represented to him by his said attorney that in order to obtain his agreed share or portion of the said $750, offered by the defendant in part payment of his claim, as plaintiff believed, was induced by his said attorney to sign a paper, the nature and contents of which were not explained to him by his said attorney and the plaintiff not being able to read or write English, was unable to ascertain on his own account the nature and contents of the said paper but believed the same to be a receipt in payment of the said $750, represented to him to be a payment on account of his claim in said action and delivered the same to his said attorney."  It further alleges that the paper was delivered by the

attorney to the defendant; that the plaintiff afterwards learned that the paper signed by him was a general release of all his claims against the defendant; that it was fraudulently obtained from the plaintiff; that he was induced to sign it by false and fraudulent representations; that had he known its true nature he would not have signed it; that the consideration paid for the paper was $750; that this was a grossly inadequate sum to compensate the plaintiff for his injuries; that immediately upon discovery of the true nature of such paper purporting to be a general release, the plaintiff repudiated the same and offered to repay the consideration received; that the defendant refused to accept the same. The complaint demands judgment for the cancellation of the general release signed by him under the circumstances stated.

It will be noted that, in the sentence of the complaint which we have quoted, the subordinate clause beginning with the words " it being represented " is incomplete in that the pleader has omitted to state the fact represented. In the same sentence the pleader has asserted that the paper was " represented to him to be a payment on account of his claim," without naming the person who made the misrepresentation. However, although the sentence, when analyzed, discloses the omission of material words, we think sufficient have been employed to convey the meaning, that it was " represented " by the plaintiff's attorney that, in order to obtain the part payment offered, it was necessary for the plaintiff to sign the paper, and that the attorney represented the paper to be a receipt for such payment.

Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material. (Wigmore on Evidence, § 2415.) If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to

be read was equally negligent; in either case the writing binds him. (*Chicago, St. P., M. & O. Ry. Co.* v. *Belliwith,* 83 Fed. Rep. 437.) " So, if the party that is to seal the deed, can read himself and doth not, or being an illiterate or a blind man, doth not require to hear the deed read, or the contents thereof declared, in these cases albeit the deed be contrary to his mind, yet it is good and unavoidable." (Sheppard's Touchstone, p. 56.) That a party should be bound by a contract, or by a conveyance, which he had no will to make may seem anomalous. Professor Wigmore, in explanation, reasons that the actor, having the will to sign the writing, is bound by the consequence, " reasonably to have been anticipated " from the signing of a document unread, that its terms might not truly express the intent of the signer. (Wigmore on Evidence, § 2413.) In *Hunter* v. *Walters* ([L. R.] 7 Ch. 75, 82; 41 L. J. Ch. 175) Lord HATHERLY said that the signer " cannot affect not to know what he was doing;" and in the same case, JAMES, L. J., said that the man " who has made the representations " (that is, the man who signed the writing) " must bear the consequences." Mr. Ewart attributes the conclusiveness of the writing, as against the signer, " albeit the deed be contrary to his mind," to the doctrine of estoppel. (Ewart on Estoppel, ch. 25, p. 435.) Whether all the elements of a legal estoppel be present or not, nevertheless, in the sense that he may not dispute the deed, the signer is in fact estopped. However, there are instances where " an unexpressed intent can be allowed to overthrow the outward act." (Wigmore on Evidence, § 2405.) If the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger, unless the signer be negligent, the writing is void. (*Cleary* v. *Municipal Elec. Light Co.*, 19 N. Y. Supp. 951; affd., 139 N. Y. 643; *Wilcox* v. *American Tel. & Tel. Co.*, 176 N. Y. 115; *Smith* v. *Ryan*, 191 N. Y. 452; *Whipple* v. *Brown Brothers*

*Co.*, 225 N. Y. 237; *Thoroughgood's Case*, 2 Coke, 9; *Shulter's Case*, 12 Coke, 90; *Foster* v. *Mackinnon*, [L. R.] 4 C. P. 704; *Trambly* v. *Ricard*, 130 Mass. 259.)

In *Thoroughgood's Case (supra)* the facts were these: Thoroughgood had signed a deed for lands to Chicken, supposing that the document was a mere release of certain arrearages due him from Chicken. On the occasion of its execution, John Ward, a total stranger to the transaction, took the paper into his hands and said: " Goodman Thoroughgood, you are a man unlearned, and I will declare it unto you, and make you understand it better than you can by hearing of it read," and then said further to him: " Goodman Thoroughgood, the effect of it is this, that you do release to William Chicken all the arrearages of rent that he doth owe you . and no otherwise." Thoroughgood, saying " If it be no otherwise, I am content," signed the document. In an action by Thoroughgood against Cole, the successor of Chicken, to recover damages for his trespass upon the lands described in the document, it was held that the instrument was absolutely void. The court said that " it is not material who readeth the writing, so as he who maketh it be a lay-man, and being not lettered, be (without any covin in himself) deceived."

The case is cited with approval by Mr. Justice Story (Story's Equity Jurisprudence, § 60) and by Chief Judge CULLEN in *Smith* v. *Ryan (supra)*. Story says: " Thus, for example, reading a deed falsely to an illiterate person, whether it be so read by the grantee or by a stranger, avoids it as to the other party at law." The instrument fails because its conclusiveness is destroyed by the misrepresentation, and it then appears that the signer had no volition to promise or act as therein represented. The document then has no more validity than a forged writing. (*Vorley* v. *Cooke*, 1 Giff. 230; 27 L. J. Ch. 185; *Trambly* v. *Ricard, supra*.) The conclusiveness of the writing, however, is not avoided, if the signer, in crediting the repre-

senta`ion made, has in any wise been negligent. (*Foster* v. *Mackinnon, supra; Trambly* v. *Ricard, supra;* Wigmore on Evidence, § 2415.)

Assuming that the allegations of this complaint correctly state the facts, it appears that the plaintiff has not been negligent. Not being competent to read the document, the plaintiff was told by his attorney that it was a mere receipt. In relying upon the word of one who had been his trusted lawyer, surely the plaintiff was less careless than was Thoroughgood in relying on the word of a stranger. Nor should the plaintiff be held responsible upon any principle of agency. The attorney had no express or implied authority from the plaintiff, to procure the signing of the writing in question or to make a. settlement of the plaintiff's claim upon terms involving the complete acquittance of the defendant. The question of his apparent authority is not involved, for the defendant relies, not upon some act of an ostensible agent, but upon a document which was executed by the principal himself. Neither should the doctrine of reasonable consequence defeat the plaintiff. It was not to have been expected by the plaintiff that, as a natural consequence of his reliance upon the word of his attorney, relating to the contents of the instrument, a writing which in no wise expressed his will would be executed by him.

The case of *Herchmer* v. *Elliott* (14 Ont. Rep. 714) presents a striking parallel to the case. at bar. The plaintiff in that case was the owner of a bond and mortgage which she left with her solicitor for safekeeping. She was induced by her solicitor to execute an assignment of the mortgage to a creditor of the solicitor. In order to obtain her signature the solicitor falsely represented and caused her to believe that the writing contained provisions merely extending the time of payment of the mortgage. It was held that the writing was void and that no title to the mortgage was thereby conveyed

to the solicitor's creditor. There, as here, the false representation was made by a person not a party to the instrument; there, as here, the person who misrepresented the fact was the trusted lawyer of the signer. The signer, duped by her own attorney, was not precluded, by her execution of the document, from showing that its terms had not been assented to by her, either on the ground that the attorney was her agent or upon the ground that she had been negligent in relying upon his statement of its contents. We agree with the conclusions reached by the court in that case, and, applying its reasoning here, are of the opinion that the complaint has stated a cause of action.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.