SHALGOTT REALTY Co., INC., Appellant, *v.* WILLIAM WHITNEY, Respondent.

First Department, May 12, 1933.

*William Gold* of counsel [*George Goldberg* and *Zarah Williamson* with him on the brief; *Levy, Gutman & Goldberg,* attorneys], for the appellant.

*Frederick Behr,* for the respondent.

TOWNLEY, J. This action was brought to recover upon a written guaranty of payment of two mortgages. These mortgages had been assigned by the defendant to the plaintiff as part payment of the consideration for the transfer of certain real estate.

The defense in substance is that the execution of the guaranty in the terms expressed in the writing was induced either by fraud or mutual mistake. There is absolutely no testimony in the record supporting either one of these claims. The assignments containing the guaranties were executed according to the terms of a contract in writing made sometime before, under which the real estate was sold. This contract contained a distinct provision requiring the defendant to execute a guaranty of payment of these mortgages upon the closing. The defendant had this contract in his possession for some twenty-four days prior to the execution of the assignment.

No claim for reformation of that contract was made. The defendant admitted that when he executed the assignment upon the closing, no representation was made as to the contents of the papers executed by him.

The only real excuse offered for his claim of ignorance of the contents of both the contract and the assignment was the fact that he failed to read them. This constitutes no excuse. As was said by the Court of Appeals in *Pimpinello* v. *Swift & Co.* (253 N. Y. 159): " If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him."

There is no defense made out to the obligation expressed in these written guaranties, and judgment should have been granted for the plaintiff.

The judgment appealed from should be reversed, with costs, and judgment directed for the plaintiff for the amount demanded in the complaint, with interest and costs.

Finch, P. J., McAvoy, Martin and O'Malley, JJ., concur.

Judgment reversed, with costs, and judgment directed for the plaintiff for the amount demanded in the complaint, with interest and costs.