THERESA CAPLAN, Respondent, *v.* MAX S. GOLDMAN et al., Appellants.

Supreme Court, Appellate Term, First Department, January 26, 1950.

*Murray B. Trayman* and *Max E. Greenberg* for appellants.

*Samuel M. Sprafkin* for respondent.

HOFSTADTER, J. The plaintiff is the tenant of one of the stores in the defendants' building in the city of New York, together with part of the basement and part of the second floor, under a five-year lease commencing on May 15, 1948. The action is to recover property damage caused by a water leakage from the roof. The defendants are charged with negligence in the maintenance of the drains and kindred omissions. The answer pleads as a defense a clause of the written lease exempting the landlord from liability caused by water leakage unless caused by negligence and that there was no negligence.

The defendants moved to strike the action from the jury calendar on the ground that the parties had waived a jury trial by the following clause in the written lease: " It is mutually agreed by and between Landlord and tenant that the respective parties hereto shall and here-by do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant's use or occupancy of said premises, and/or any claim of injury or damage ".

The court below denied the motion on the ground that the clause just quoted does not specifically apply to a tort action and relates to an action founded on or connected with a contractual relationship. We are unable to accept so constricted a view of the waiver clause. While undoubtedly a jury waiver clause is to be strictly construed and should not be extended beyond its plain meaning, a court may not, in seeming obedience to this rule of construction, override the clear and unambiguous language in which the parties have here expressed their purpose. The clause is all-embracing. It excludes from trial by jury any action brought by either party on any matter, not alone arising out of or connected with the lease, but also the tenant's use or occupancy of the premises '' and/or any claim of injury or damage ''. Clearly the plaintiff in this action seeks to redress a claim of damage which, if it does not arise out of, is certainly connected with the plaintiff's occupancy of the premises. In my opinion, had the parties intended specifically to waive trial by jury in this very action they could not have chosen more apt language to declare their purpose.

Though the clause is in very general use, being the form adopted by the real estate board, so far as we are aware its applicability to an action such as this to recover damages for negligence does not appear to have been passed on by our courts. However, in *Leav* v. *Weitzner* (268 App. Div. 466) it was held that the identical clause was an effective waiver of a jury trial in an action by the tenant to recover damages for fraud in inducing him to enter into the lease. While not directly controlling here, this holding establishes at least that the clause does in a proper case extend to a tort action. The present tort action comes both within the letter and the spirit of the jury waiver to which the parties committed themselves when they entered into the lease.

The order must, therefore, be reversed, with $10 costs and disbursements, and the motion to strike the action from the jury calendar granted.

EDER, J. concurs; HAMMER, J., dissents in the following memorandum: I dissent and vote for affirmance. The property damages sought in this tort action are for the alleged breach of a duty imposed by law not arising out of or in any way connected with the contractual or relationship obligations of the parties created by the lease.

Order reversed, etc.