BONNIE-LASSIE SPORTSWEAR, INC., Respondent, *v.* CENTURY FACTORS, INC., Appellant.

*Per Curiam.* The parties to this litigation are parties to a factoring agreement whereby plaintiff appointed defendant its sole factor and agreed to submit all of its accounts receivable to defendant for approval and acceptance.

The issue between the parties is whether certain accounts receivable of plaintiff were assigned to defendant under the agreement. Plaintiff claims "No", defendant claims "Yes". The form in which the issue is tendered is an action in conversion, plaintiff claiming that defendant collected the accounts without authority.

The factoring agreement contained a provision for waiver of jury trial "in any action upon or claim arising under this agreement". Defendant moved to strike the action from the jury calendar, insisting upon the applicability of the jury waiver provision to the action. Plaintiff resisted the motion, contending that the suit was not an action upon or claim arising under the agreement. The court at Special Term denied the motion, stating "The claim as made in the complaint does not arise out of the agreement between the parties. There is no reference to said agreement in the complaint".

It is true that there is no reference to the agreement in the complaint. Plaintiff has fashioned a complaint which upon its face presents the appearance of a claim of conventional conversion. There is nothing to suggest any relationship between the parties, and the complaint is carefully delineated to avoid giving any background out of which the alleged conversion occurred.

It is perfectly clear from all the papers on the motion, however, that this is a dispute between the parties as to their rights under the factoring agreement. While it might be said that the action is not upon the agreement, it cannot realistically be held that the claim involved in the action does not arise under the agreement. Undoubtedly the sense and spirit of the jury waiver clause are that disputes of the parties as to the interpretation and application of the agreement and their rights thereunder are not to be submitted to a jury. The present dispute comes within the scope of that understanding.

The order appealed from should be reversed and the motion granted, with costs to appellant.

Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted.