■ CARL U. ACKERLIND et al., Respondents, v. TEMPLE SINAI, Appellant.— In an action to enjoin the use and occupation of certain premises as a community house, allegedly in violation of covenants restricting said premises to use as a dwelling house for occupancy by not more than one family, the appeal is from a resettled order which, *inter alia*, grants respondents' motion for leave to serve a supplemental complaint. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ CARMILLA M. DONOVAN et al., Respondents, v. BROOKLYN UNION GAS COMPANY, Appellant.— Action by a homeowner to recover damages for personal injuries alleged to have been caused by an explosion which occurred while she was attempting to light the pilot light of an automatic gas water heater in the basement of her home, and by her husband for medical expenses and loss of services. The appeal is from a judgment entered on a jury verdict in favor of respondents and from an order denying appellant's motions to dismiss the complaint and for a directed verdict, and to set aside the verdict and for a new trial. Judgment reversed and a new trial granted, with costs to abide the event. In our opinion the verdict was against the weight of the credible evidence. Appeal from order dismissed, without costs, as academic. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ WILLIAM FREEMAN, Respondent, v. ISLAND DISCOUNT CORP., Appellant. — In an action to recover damages for conversion of a motor vehicle which was sold under the foreclosure of a chattel mortgage, the appeals are (1) from an order dated October 25, 1957 which denied appellant's motion for summary judgment and for judgment on its counterclaim pursuant to section 494 of the Civil Practice Act and (2) from an order dated October 30, 1957 which on reargument denied appellant's motion to strike the action from the jury calendar and to place it on the nonjury calendar. Order dated October 25, 1957 affirmed, without costs. Order dated October 30, 1957 modified (a) by striking from the first ordering paragraph thereof "the original determination is adhered to, and", and (b) by striking from the second ordering paragraph thereof "denied" and by substituting therefor "granted". As so modified, order affirmed, without costs. Respondent executed a chattel mortgage agreement which provides that all controversies between the parties shall be tried by the court without a jury and that the right to trial by jury is waived. Thereafter certain blank spaces in the agreement were filled in with respect to terms of repayment. Respondent claims that such terms were thus stated differently than those to which he had consented. No alteration was made in the provision for the waiver of a jury trial. That provision existed in printed form at the time respondent executed the instrument, and no facts sufficient to set aside the waiver are pleaded or otherwise stated. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.