■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. REGINALD ROBERTSON, Appellant.— Motion by appellant for reargument of appeal. The appeal was decided by this court on February 10, 1964 (*People* v. *Robertson*, 20 A D 2d 758). Motion denied. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ MAXWELL RUSSO, an Infant, by His Father and Natural Guardian, MATTHEW M. RUSSO, et al., Respondents, v. SOCIETY OF ST. VINCENT DE PAUL, Appellant.— Order of the Supreme Court, Nassau County, dated June 22, 1967, which denied defendant's motion for a physical examination of the infant plaintiff, reversed, with $10 costs and disbursements, and motion granted. The examination shall be held at a time and place agreeable to the parties or, if they cannot agree, at a time and place to be set by Special Term. In our opinion, unusual and unanticipated conditions have developed since the action was placed on the calendar. Accordingly, appellant's motion for a physical examination of the infant plaintiff should have been granted (cf. Appellate Division Rules, Second Dept. part 7, rule VII; *Morrison* v. *Sam Snead Schools of Golf of N. Y.*, 13 A D 2d 986). Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ SECURITY NATIONAL BANK OF LONG ISLAND, Appellant, v. ERNEST ESTATIO et al., Respondents.— Order of the Supreme Court, Nassau County, dated October 5, 1967, which denied plaintiff's motion for summary judgment, reversed, on the law, with $10 costs and disbursements; motion granted; and action remitted to said court for assessment of damages before the court without a jury, at a Trial Term, in accordance with CPLR 3212 (subd. [c]). In this action by a bank on guarantees executed by defendants to secure obligations owed by a corporation to the bank, no triable issue is raised by the guarantors' defense and counterclaim based on duress, fraud and deceit allegedly practiced by the creditor bank upon the corporate principal, it being for the principal to determine what use it will make thereof (*Ettlinger* v. *National Sur. Co.*, 221 N. Y. 467, 469–470; *Elliott* v. *Brady*, 192 N. Y. 221, 225–226; *City of New York* v. *Fidelity & Deposit Co. of Md.*, 253 App. Div. 676, 678). Furthermore, in the gurantee executed by each of the defendants it is provided: "Guarantor waives a trial by jury and the right to interpose counterclaims or set-offs of any kind and description in any litigation". However, a triable issue of fact is presented as to the amount due. Therefore, an assessment of damages is required. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

■ CARLA SOKOLOV, an Infant, by DAVID R. SOKOLOV, Her Father and Natural Guardian, Respondent, v. GERALD SPENCER, Appellant.— Order of the Supreme Court, Nassau County, dated October 5, 1967, which granted plaintiff's motion to strike out defendant's answer, reversed, with $10 costs and disbursements, and motion denied. Defendant substantially complied with the prior order directing him to produce certain documents designated in plaintiff's notice for discovery. The record does not reveal such contumacious and willful disobedience of an order of the court as to warrant the drastic penalty of dismissal of the answer. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.