■ JAMES TALCOTT, INC., Appellant, v. WILSON HOSIERY Co., INC., et al., Respondents.— Orders entered September 6, 1968 and December 9, 1968 unanimously reversed on the law; plaintiff's motion to strike the jury demand granted, and the case transferred to the nonjury calendar, with $30 costs and disbursements to the appellant. Plaintiff-appellant, a commercial factoring company,

seeks recovery of the sum of approximately $130,000 arising out of plaintiff's factoring of accounts receivable assigned to it by its former factored client, the corporate defendant-respondent. In a written factoring agreement and guarantee, the parties mutually waived their right to a trial by jury in clear terms as follows: (The Factoring Agreement): "You [Talcott] and the undersigned [Wilson Hosiery] do both hereby waive any and all right to a trial by jury in any action or proceeding arising herefrom or based hereon." (In the Guaranty): "We do hereby waive any and all right to a trial by jury in any action or proceeding based hereon." Defendant-respondent Murray Wilson in his opposing affidavit admits reading the factoring agreement and guarantee. No question is raised about the execution and delivery of the agreement and guarantee. The only claim by respondents below was that they were unaware that each instrument contained a jury waiver provision. No claim of deceit is made. The provisions for jury waiver are set forth in the same size of the printed type as every other provision of the documents. No claim has been made that the provision is illegible nor is it printed in such small print as to be unnoticeable or unreadable. The court below denied the motion to strike the jury demand upon the sole claim of the respondents that they had been unaware that each instrument contained a jury waiver provision. In so doing the court erred. "Ordinarily, the signer of a deed or other instrument, expressive of a jural act is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material." (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 159, 162.) "Not to have read the contract or to have had it read to him before signing, if that be a fact as he testified, furnishes no basis for his repudiation of any of its terms (*Dambmann* v. *Schulting*, 75 N. Y. 55, 61; *Pimpinello* v. *Swift & Co.*, 253 N. Y. 159, 162, 163.)" (*Amend* v. *Hurley*, 293 N. Y. 587, 595.) The jury waivers in the factoring agreement and guarantee are enforceable and must be given effect (*Franklin National Bank of Long Is.* v. *Capobianco*, 25 A D 2d 445; *Security Nat. Bank of Long Is.* v. *Estatio*, 29 A D 2d 887; *Bonnie-Lassie Sportswear* v. *Century Factors*, 283 App. Div. 702; *Freeman* v. *Island Discount Corp.*, 5 A D 2d 778; *Caplan* v. *Goldman*, 197 Misc. 404, affd. 278 App. Div. 807). Concur — Eager, J. P., McGivern, Markewich, Nunez and Steuer, JJ.