■ A. J. ARMSTRONG CO., INC., Respondent, v RUTH NECHAMKIN, Defendant-Appellant and Third-Party Plaintiff-Appellant. SIDNEY FINKEL et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered August 31, 1976, which, *inter alia,* granted the motion of the plaintiff to strike the jury demand of the defendant and third-party plaintiff Ruth Nechamkin, unanimously affirmed, without costs or disbursements. Ruth Nechamkin had executed a guarantee in favor of A. J. Armstrong Co., Inc., to induce it to make a loan to a corporation known as Olim Sales Corp. The guarantee contained a waiver of "all right to a jury trial in any action against the undersigned [guarantor]." A jury waiver clause in a guarantee is enforceable *(James Talcott, Inc. v Wilson Hosiery Co.,* 32 AD2d 524; *Bonnie-Lassie Sportswear v Century Factors,* 283 App Div 702), and the defendant and third-party plaintiff has offered no adequate reason to deny enforcement of the waiver in the case at bar. Concur—Stevens, P. J., Markewich, Kupferman, Silverman and Lane, JJ.

■ WILHELMINA MODELS, INC., Appellant, v FABERGE, INCORPORATED, et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered on May 3, 1976, granting defendants-respondents' motions to dismiss the amended complaint herein, unanimously reversed, on the law, motions denied and amended complaint reinstated. Appellant shall recover of respondents one bill of $60 costs and disbursements of this appeal. We cannot agree with Special Term's conclusion that the amended pleading was factually deficient. The amended complaint does comply with the "special provisions in subdivision (b) of 3016 [which] constitute no more than a directive that the 'transactions and occurrences' constituting the 'wrong' shall be pleaded in sufficient 'detail' to give adequate notice thereof". *(Foley v D'Agostino,* 21 AD2d 60, 64.) The fraud, as alleged, which plaintiff claims led to its being deprived of the fees agreed to by defendant Hemingway and customarily paid by those engaging her services, provides all defendants with adequate notice of the purportedly wrongful transactions and occurrences complained of. The specific fraud attributable to certain of the defendants is chargeable to all by virtue of the conspiracy alleged. Defendants' claims based upon the alleged illegality of the underlying agreement and public policy considerations cannot properly be passed upon on the present inadequate state of the record. Concur—Murphy, J. P., Lupiano, Birns, Capozzoli and Lane, JJ.

■ WILHELMINA MODELS, INC., Appellant-Respondent, v MARGAUX HEMINGWAY et al., Respondents-Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered on June 11, 1976, granting defendants-respondents-appellants' motion to dismiss the amended complaint herein, unanimously reversed, on the law, motion denied and amended complaint reinstated, for the reasons stated in this court's memorandum decision on Appeal No. 3486, decided and published simultaneously herewith. *(Wilhelmina Models v Faberge, Inc.,* 55 AD2d 520.) Plaintiff-appellant-respondent shall recover of defendants-respondents-appellants $60 costs and disbursements of this appeal. Concur—Murphy, J. P., Lupiano, Birns, Capozzoli and Lane, JJ.