362 So.2d 702 (1978)
CENTRAL INVESTMENT ASSOCIATES, INC., Ronald Shears and Nolan Brewer, Appellants,
v.
LEASING SERVICE CORPORATION, Etc., Appellee.
No. 77-324.
District Court of Appeal of Florida, Third District.
September 26, 1978.
*703 Leo Greenfield, North Miami, and Alan M. Rubin, Orlando, for appellants.
Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz and J.T. Haley, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellants, defendants below, bring this appeal from a final judgment and judgment for costs and attorneys' fees entered by the trial court on January 14 and 31, 1977, respectively. We affirm as to appellant Central Investments Associates, Inc., and reverse as to appellants Nolan Brewer and Ronald Shears.
On November 7, 1973, appellant Central Investments Associates, Inc., [hereinafter referred to as Central] and appellee entered into a written personal property lease for a backhoe. Appellants Brewer and Shears entered into an agreement with appellee as guarantors of the lease. Subsequently, after acknowledging receipt of the backhoe, appellant Central failed to make the lease payment due in January, 1975. Upon default by appellant Central in the lease payment appellee made a demand for the return of its property. Appellant Central refused to return the backhoe, and appellee had to resort to replevin to obtain possession of the backhoe. After notice to appellants, appellee was the purchaser of the equipment at a public auction. Thereafter, appellee determined a deficiency due under the lease. Upon trial, the court entered its judgment in replevin in favor of appellee and assessed money damages in the amount of $67,558.25. The trial court then, upon appellee's motion for entry of cost judgment and taxation of attorneys' fees, entered a judgment in favor of appellee for $251.75 costs and $7,645.00 attorneys' fees. From these judgments, appellants appeal.
Appellants raise the following two points on appeal: (1) that the trial court erred in setting the cause for a non-jury trial; *704 thereby, denying appellants their right to a jury trial; and (2) that the trial court erred in entering the judgments appealed because the lease was in substance a loan and financing agreement which provided for installment payments yielding a rate of return in excess of 30%, a violation of the usury laws of Florida.
Paragraph 17 of the lease agreement provided, in pertinent part, that "Lessee and Lessor hereby waive any and all right to a trial by jury in action based hereon or arising hereunder." Further, the lease provided that the contract between the parties would have to be governed by New York law. Waivers of trials by juries have been held to be enforceable in New York. For example, the New York Supreme Court, Appellate Division  First Department in the case of Talcott v. Wilson Hosiery Co., 32 A.D.2d 524, 299 N.Y.S.2d 460 (1969) stated, citing numerous cases, as follows:
"The court below denied the motion to strike the jury demand upon the sole claim of the respondents that they had been unaware that each instrument contained a jury waiver provision. In so doing the court erred.
"Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound hereby. That his mind never gave assent to the terms expressed is not material." Pimpinello v. Swift & Co., 253 N.Y. 159, 162, 170 N.E. 530, 531.
"Not to have read the contract or to have had it read to him before signing, if that be a fact as he testified, furnishes no basis for his repudiation of any of its terms Dambmann v. Schulting, 75 N.Y. 55, 61; Pimpinello v. Swift & Co., 253 N.Y. 159, 162, 163, 170 N.E. 530, 531; Amend v. Hurley, 293 N.Y. 587 at p. 595, 59 N.E.2d 416 at p. 419.
"The jury waivers in the factoring agreement and guaranty are enforceable and must be given effect (Franklin National Bank of Long Island v. Capobianco, 25 A.D.2d 445, 266 N.Y.S.2d 961; Security National Bank of Long Island v. Estatio, 29 A.D.2d 887, 288 N.Y.S.2d 573; Bonnie-Lassie Sportswear, Inc. v. Century Factors, Inc., 283 App.Div. 702, 127 N.Y.S.2d 740; Freeman v. Island Discount Corp., 5 A.D.2d 778, 169 N.Y.S.2d 830; Caplan v. Goldman, 197 Misc. 404, 95 N.Y.S.2d 835, aff'd 278 A.D. 807, 104 N.Y.S.2d 804)."
Although we are unaware of any Florida case directly on point, i.e. whether a party to a contract may waive his right to a jury trial, other jurisdictions have frequently taken the position that parties to a contract may waive their right to a jury trial. See Annot., 73 A.L.R.2d 1332 (1960). We are unaware of any public policy reason why the provision, in the instant case, should not be enforced in this State. Appellant Central and appellee, both experienced in commercial leasing, agreed that any controversy arising under their lease would be tried non-jury. The waiver is clear, unambiguous, and should be given its intended force and effect between them.
However, appellants further argue that, even if valid, the waiver provision should not be applicable to their demand for a jury trial of their counterclaim seeking to have the lease declared null and void as being a scheme in violation of the usury laws of Florida. Our review of the record, in particular the lease agreement and the pleadings, leads us to the conclusion that the allegations of the counterclaim are substantially within the terms of the waiver provision and, accordingly, should be governed by it.
We have a different question in regard to the effect, if any, of the provision on appellants Brewer and Shears. They only entered into an agreement with appellee as guarantors of the lease agreement; they were not parties, as such, to the lease itself. After reviewing the appropriate portions of the record, we are of the opinion that the waiver provision of the lease was not applicable to appellants Brewer and Shears. Therefore, they were entitled to a jury trial on the appropriate issues raised by their counterclaim. For that reason, the judgments appealed must be reversed as to appellants Brewer and Shears.
*705 Appellant Central's second major point on appeal urges, basically, that the judgments rendered against it were not supported by competent substantial evidence. We disagree. Although evidence was presented on both sides of the issues raised in the trial court, in our opinion there was substantial competent evidence to support the judgments. See, e.g., South Carolina Insurance Co. v. Wolf, 331 So.2d 337 (Fla. 1st DCA 1976); Sharp v. Dixon, 252 So.2d 805 (Fla. 4th DCA 1971); and Maule Industries, Inc., v. Watson, 201 So.2d 631 (Fla. 3d DCA 1967).
Affirmed as to appellant Central; reversed and remanded for a trial in accordance with this opinion as to appellants Brewer and Shears.