■ BANK OF NEW YORK, Respondent, v CHENG YU CORP. et al., Defendants, and HUNG LIN HU, Appellant.—In an action on a promissory note, defendant Hung Lin Hu appeals from an order of the Supreme Court, Nassau County, dated March 9, 1978, which granted plaintiff's motion to strike his demand for a jury trial. Order reversed, with $50 costs and disbursements, and motion denied. This is an action on a promissory note which contained a clause under which the signer waived his right to a trial by jury in any action brought on the note. Appellant was sued as a personal guarantor of the note. While he admits having signed the guarantee, he alleges that he does not read or understand English and that the contents of the agreement were misrepresented to him by the individual codefendant and a bank officer. He contends that the note was therefore void as to him (see *Pimpinello v Swift & Co.,* 253 NY 159). Appellant's allegations, if proved, would void the instrument as to him, including the jury waiver clause. In these circumstances, the signer is entitled to a jury trial on the defense of misrepresentation (see, e.g., *Federal Housecraft v Faria,* 28 Misc 2d 155; *International Roofing Corp. v Van Der Veer,* 43 Misc 2d 93; *Gardner & North Roofing & Siding Corp. v Champagne,* 55 Misc 2d 413; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4102.13; cf. *Freeman v Island Discount Corp.,* 5 AD2d 778; *James Talcott, Inc. v Wilson Hosiery Co.,* 32 AD2d 524). We conclude, therefore, that Special Term erred in striking appellant's jury demand. Damiani, J. P., Suozzi, Lazer and Rabin, JJ., concur.

■ MORRIS L. CINER, Appellant v THERESA MALUAGNA et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Queens County, dated March 7, 1978, which denied his motion for leave to amend the *ad damnum* clause of the complaint, and (2) so much of a further order of the same court, dated July 3, 1978, as, upon reargument, adhered to the original determination. Appeal from the order dated March 7, 1978 dismissed as academic. That order was superseded by the order granting reargument. Order dated July 3, 1978 reversed insofar as appealed from, and, upon reargument, motion for leave to amend the *ad damnum* clause granted. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. It was an abuse of discretion to deny plaintiff leave to amend the *ad damnum* clause (see *Wagner v Huntington Hosp.,* 65 AD2d 771). Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.