ESTATE OF ROBERT S. TAFT, DECEASED, MARLENE R. TAFT, EXECUTOR AND MARLENE R. TAFT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, RespondentEstate of Taft v. CommissionerDocket No. 27371-87United States Tax CourtT.C. Memo 1989-427; 1989 Tax Ct. Memo LEXIS 425; 57 T.C.M. (CCH) 1291; T.C.M. (RIA) 89427; August 15, 1989David M. Brandes, for the petitioners. Peggy Gartenbaum, for the respondent. WHALENMEMORANDUM FINDINGS OF FACT AND OPINION WHALEN, Judge: Respondent determined deficiencies in petitioners' Federal income tax of $ 20,587.42 for 1980 and $ 4,889.88 for 1981, plus increased interest under section 6621(c). 1 The sole issue for decision is whether petitioners are equitably estopped from raising the period of limitations on assessment under section 6501(a) to bar respondent from assessing these deficiencies. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Prior to his death shortly after this proceeding was commenced, Mr. Taft was an attorney who specialized in tax law. He had written numerous articles on tax law subjects and a tax column for the New York Law Journal. He resided in New York, New York, with Mrs. Taft at the time*427 they filed their petition. Mr. and Mrs. Taft are sometimes referred to as "petitioners." In early 1984, respondent's agent mailed petitioners a Form 872-A, Special Consent to Extend the Time to Assess Tax ("consent"), seeking extension of the period of limitations on assessment and collection for their 1980 return. Otherwise, the period would expire on April 15, 1984. Mr. Taft responded as follows: February 29, 1984 CERTIFIED MAIL - RETURN RECEIPT District Director Internal Revenue Service P.O. Box 991 G.P.O. Brooklyly [sic], New York 11202 Attention: E:RP:ESS Re: Marlene & Robert TaftSS # 104-28-XXXXDear Sir We enclose herewith your form 872A and request that any such form be limited to Horse Creek. Sincerely yours, /s/ Robert S. TaftRobert S. TaftThe term "Horse Creek" in the above letter refers to Horse Creek Associates ("Horse Creek"), a partnership purportedly engaged in the coal mining business. Petitioners had claimed losses from Horse Creek on Schedule E of their 1980 and 1981 Federal income tax returns. On March 12, 1984, pursuant to Mr. Taft's request, respondent's agent sent petitioners another Form 872-A which restricted the*428 scope of the adjustments covered by the consent to those resulting from petitioners' losses from Horse Creek. As sent to petitioners, the Form 872-A contained the following provision concerning termination: (1) The amount(s) of any Federal INCOME tax due on any return(s) made by or for the above taxpayer(s) for the period ended December 31, 1980 may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. (2) This agreement ends*429 on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration * * *. On or about March 22, 1984, Mr. Taft returned an executed Form 872-A to respondent's agent with the following cover letter: March 22, 1984 Internal Revenue Service Post Office Box 990 GPO Brooklyn, New York 11202 Attention: Review Staff 90 Day R.P. Re: Robert S. and Marlene R. Taft SS # 104-28-XXXXGentlemen: Enclosed herewith please find duly executed Form 872-A for 1980 for the above referenced taxpayer. Would you please acknowledge receipt of the enclosed by stamping the enclosed copy of this letter and returning same in the envelope provided. Very Truly Yours, /s/ Robert S. TaftRobert S. TaftRST/dl Enclosure Received The Form 872-A enclosed with Mr. Taft's letter differed in one material respect from the form sent by respondent. Between the first and second paragraphs of the printed form, quoted above, Mr. Taft inserted the following typed sentence: "The above notwithstanding this consent is terminated on 12.31.84." The words of this typed*430 addition differ in style from, and are noticeably larger than, the surrounding print. They also contain several errors and typeovers. Petitioners' version of Form 872-A was received by respondent and was executed on his behalf on March 27, 1984, by Mr. Ronald F. Perero, an employee of respondent's 90-day Review Staff, who had not previously been involved with the petitioners' case. Mr. Perero's responsibilities required him to review Forms 872-A. However, he did not notice the specific time limitation typed onto the form by Mr. Taft, and would not have signed the form had he noticed it. By letter dated October 3, 1984, respondent requested petitioners to agree to an unrestricted extension on Form 872-A of the period of limitations on assessment for their 1981 taxable year. Otherwise, the period would expire on April 15, 1985. Mr. Taft responded as follows: December 6, 1984 Internal Revenue Service District Director P.O. Box 991 Brooklyn, New York 11201 Re: Horse Creek AssociatesRobert S. Taft & Marlene SS 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 Attention: E:PSP:ESS 100394-1364 Dear Sir: I am in receipt of your correspondence of October 3, 1984. I would be wiling [sic] to sign*431 a Special Consent to Extend the Time to Assess Tax (for the period ended December 31 981 [sic]) limited to Horse Creek Associates. Very Truly Yours /s/ Robert S. TaftRobert S. TaftRST/dl Once again, respondent sent petitioners a Form 872-A which contained language restricting the scope of the adjustments covered by the consent to those resulting from Horse Creek. Before executing and returning this restricted form, Mr. Taft once again had his secretary type the words "The above notwithstanding this consent is terminated on 12.31.85" after the first paragraph of the form. As in the case of the Form 872-A for 1980, the words thus added to the 1981 form differ in style from, and are noticeably larger than, the surrounding print. The Form 872-A for 1981 was executed on behalf of respondent on February 20, 1985, by Mr. William Kennedy. Like Mr. Perero, Mr. Kennedy did not notice the specific time limitation added to the form by Mr. Taft, and would not have signed the form had he noticed it. Thereafter, an employee of respondent's Office Audit Staff, Ms. Barbara O'Connor, issued 30-day letters to petitioners dated January 21, 1986, proposing deficiencies in their 1980*432 and 1981 income tax based upon adjustments to the losses claimed by them from Horse Creek. Mr. Taft telephoned Ms. O'Connor and directed her attention to the time limitations set out on both Forms 872-A and to the fact that the extended time periods had expired for both 1980 and 1981. He requested that the 30-day letters be withdrawn and the file closed. Ms. O'Connor replied that she would have to bring the matter to the attention of her manager, whereupon the case remained in that posture until the statutory notice of deficiency was issued on August 7, 1987. The petition in this case was filed on August 14, 1987, and alleged, among other things, that assessment of the tax deficiencies determined for both 1980 and 1981 is barred by the statute of limitations and that "no waivers of that statute were in force on August 7, 1987." Petitioners have since stipulated that the outcome of the dispute over the period of limitations shall be dispositive of this case in that they shall not otherwise contest the subject deficiencies. OPINION Petitioners timely filed their Federal income tax returns for 1980 and 1981. Respondent mailed his notice of deficiency to them on August 7, 1987, well*433 after the periods of limitations on assessment and collection prescribed by section 6501 for each year expired on April 15, 1984, and April 15, 1985, respectively. Thus, petitioners have made a prima facie showing that assessment of the subject deficiencies is barred by the period of limitations. Respondent bears the burden of going forward with evidence to show that the bar of the statute is not applicable. Adler v. Commissioner, 85 T.C. 535, 540 (1985). It is clear that the Forms 872-A signed by petitioners before the original periods of limitations expired were not intended by petitioners to, and according to their terms did not, hold the period of limitations open until the date on which the notice of deficiency was issued. Respondent does not contend otherwise. Rather, it is respondent's position that the facts and circumstances surrounding the execution of those Forms 872-A are such that the doctrine of equitable estoppel should be applied to estop petitioners from raising the period of limitations as a bar to assessment in this case. We disagree. We discussed application of the doctrine of equitable estoppel in similar circumstances in Piarulle v. Commissioner, 80 T.C. 1035, 1044 (1983),*434 and specified the elements which must be shown as follows: A taxpayer may be estopped to deny the validity of an agreement to extend the period of limitations where the Government reasonably relies upon waivers executed by the taxpayer. [Citation omitted.] The circumstances required for equitable estoppel to apply are: "(1) there must be false representation or wrongful misleading silence; (2) the error must originate in a statement of fact, not in opinion or a statement of law; (3) the one claiming the benefits of estoppel must not know the true facts; and (4) that same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed. [Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971).]" In this case, respondent bears the burden of proving each of the above elements. Rules 39, 142(a), Tax Court Rules of Practice and Procedure.Our principal difficulty with respondent's position is finding that Mr. Taft made a false representation or a wrongful misleading silence. We agree, as respondent has emphasized, *435 that Mr. Taft was a knowledgeable tax lawyer and that he probably knew the difference between Form 872, a consent which normally terminates on a specific date, and Form 872-A, a consent which normally is open-ended. We also agree that while petitioner expressly directed that the consent be limited to adjustments relating to Horse Creek, he did not specifically request the use of Form 872 or highlight the time restriction which he placed on the Forms 872-A by initialing the change or by calling attention to it in his transmittal letter to respondent. Nevertheless, we are unable to conclude from the facts of this case that petitioner made a false representation to respondent or misled him in any way, and we are unable to find that Mr. Taft intended to mislead respondent. The give and take between the parties, from which respondent asks us to find a false representation or a wrongful misleading silence, took place in the context of their negotiations to arrive at an extension of the period of limitations "by agreement" within the meaning of section 6501(c)(4). The statute allows respondent*436 to be relieved of the general rule requiring assessment of tax within three years after the return was filed if both he and the taxpayer "have consented in writing to its assessment after such time." Section 6501(c)(4). The statute places on respondent the burden of obtaining such an agreement and the risk of failing to do so. Schenk v. Commissioner, T.C. Memo. 1976-363. In this case, respondent opened the negotiations for the year 1980 by requesting Mr. Taft to sign an unrestricted, open-ended consent on Form 872-A. It is evident that Mr. Taft desired not only to restrict his consent to adjustments with respect to Horse Creek but also to place a specific time limit upon such agreement. Mr. Taft made his wishes known in two steps. First, he asked respondent to specifically restrict the consent form to adjustments from Horse Creek. Respondent agreed and sent Mr. Taft a second Form 872-A for the year 1980 which contained the desired restriction. Second, Mr. Taft then made known his wish that the consent terminate on a specific date by adding to the Form 872-A the sentence "The above notwithstanding this consent is terminated on 12.31.84." As thus revised and*437 returned to respondent, the consent was Mr. Taft's offer to consent to extend the statute seven and one-half months from April 15, 1984, until the end of the year. As we have noted in other cases, a consent to extend the period of limitations on assessment and collection is not a contract but a unilateral waiver of the taxpayer's defense on such ground. Roszkos v. Commissioner , 87 T.C. 1255, 1261 (1986), vacated and remanded on other grounds 850 F.2d 514 (9th Cir. 1988), cert. denied U.S. , 109 S. Ct. 1121 (1989); Piarulle v. Commissioner, 80 T.C. at 1042. Nevertheless, section 6501(c)(4) requires that the parties reach a written "agreement" regarding the extension and gives the parties freedom to decide the terms governing the extension. Pursell v. Commissioner, 38 T.C. 263, 278 (1962), affd. per curiam 315 F.2d 629 (3d Cir. 1963). Accordingly, contract principles are significant in reviewing a written agreement under section 6501(c)(4) to extend the period for assessment. Roszkos v. Commissioner, supra at 1261;*438 Piarulle v. Commissioner, supra at 1042. Respondent received the executed Form 872-A for 1980 from Mr. Taft with ample time remaining to seek other terms before the original period of limitations expired. Respondent also had ample time to seek a further extension during the term of the extension effected by the revised consent. Petitioner followed the same course of action when respondent sent an unrestricted, open-ended consent on Form 872-A for 1981. That is, he first asked respondent to restrict the consent to adjustments from Horse Creek, and then added the sentence "The above notwithstanding this consent is terminated on 12.31.85." As was true with the prior year, Mr. Taft executed and returned the Form 872-A for 1981 to respondent with ample time remaining for respondent to seek additional terms prior to the expiration of the original limitations period or to seek an additional extension prior to the end of 1985. Respondent formulates his argument in terms of equitable estoppel, but his real complaint seems to be that there was no meeting of the minds between the parties due to the manner in which Mr. Taft conducted his negotiation. We agree that*439 Mr. Taft could have requested use of Form 872, highlighted the language which he inserted on the Forms 872-A in some fashion, or called attention to the changes in the forms in his cover letters. We find the latter argument somewhat ironic in light of Smith v. Commissioner, T.C. Memo. 1989-87, in which we held that conditions set out in the taxpayer's cover letter were binding, despite respondent's argument that the conditional language must be placed directly on the consent form. The fact remains, however, that Mr. Taft inserted a time limitation on each of the Forms 872-A and that the language which he inserted was readily visible. The change was not so subtle as to require extensive examination of the document. See Herschler v. Commissioner, T.C. Memo. 1984-569. Moreover, the language which Mr. Taft inserted on each form contemplated an extension of the period of limitations for approximately seven and one-half months. Mr. Taft could reasonably have concluded from respondent's act of signing them that he was satisfied with an extension of that duration. This is not a case like Cary v. Commissioner, 48 T.C. 754 (1967), involving*440 a consent which contains a mistake that renders it meaningless. In that situation, a taxpayer may have a duty to speak, but we need not decide that here. This case presents nothing more than a variation on Kronish v. Commissioner, 90 T.C. 684 (1988). In that case, the taxpayer executed a consent form on the mistaken belief that it conformed to the terms negotiated by her attorney. She executed it while her attorney was not available, and then sought to be relieved of her "agreement" or to estop the Commissioner from relying on it. We held the taxpayer to her agreement and stated as follows: It is the objective manifestation of mutual assent as evidenced by the parties' overt acts, not the parties' secret intentions, that determines whether the parties have made an agreement. 1 S. Williston, Contracts, secs. 22 and 35 (3d ed. 1957); 1 Restatement, Contracts 2d, sec. 19 (1979); Pimpinello v. Swift & Co., 253 N.Y. 159, 162-163, 170 N.E. 530, 531 (1930). In the instant case, petitioner intentionally signed the first consent form, and thereby manifested*441 her assent to terms contained in that form. [Kronish v. Commissioner, supra at 693.] We also held that the taxpayer had failed to prove a false representation by the Commissioner or a misleading silence by him necessary to justify application of the doctrine of equitable estoppel. Respondent has failed to show that petitioners perpetrated a false misrepresentation or misleading silence in this case. We find nothing that Mr. Taft did or said which prevented respondent from reading the Forms 872-A at issue and, if not acceptable, from seeking different terms, and we see no reason to absolve respondent from failure to do so. Decision will be entered for the petitioners . Footnotes1. All section references are to the Internal Revenue Code, as amended and in effect at the relevant times.↩