■ EQUILEASE CORPORATION, Plaintiff, v INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant and Third-

Party Plaintiff-Appellant. JOSEPH M. FASANO, Third-Party Defendant-Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered January 29, 1991, which, *inter alia,* denied the motion of defendant and third-party plaintiff to confirm a Referee's report and granted third-party defendant's motion to dismiss the third-party complaint for lack of personal jurisdiction, unanimously reversed, on the law, insofar as appealed from, the third-party complaint reinstated, defendant and third-party plaintiff's motion to confirm granted and third-party defendant's motion to dismiss denied, without costs.

In February, 1985, third-party defendant Joseph M. Fasano was solicited to invest funds in International Dynergy, Inc. ("Dynergy") to be used for the development and operation of electricity producing wind turbine generators. Under the terms of the offering memorandum, an investor could purchase generators in exchange for a down payment of $20,000 in cash and a $120,000 promissory note, payable in annual installments over ten years, per generator, and the investor would also be required to execute a power of attorney in favor of a Dynergy subsidiary and an application for a financial guarantee bond and indemnity agreement. Dynergy in turn would attempt to obtain financing from a lender who would be permitted to purchase the notes, but, if it did not close the entire transaction by May 31, 1985, the agreement would expire. Fasano agreed, in accordance with these terms, to purchase an unspecified number of generators and duly executed a promissory note, made payable to Dynergy but left blank as to date, principal amount and dates of payment. The note was to be held in escrow pending Dynergy's delivery of financing and Fasano's remittal of the down payments. This note contained a clause stating, "This Note shall be governed by the laws of the State of New York applicable to transactions to be wholly performed within such state. The Maker hereby expressly submits to the jurisdiction of all Federal and State courts located in the State of New York". Fasano also executed a specific power of attorney authorizing Dynergy, by one of its subsidiaries, to complete the note and agreeing to indemnify any third party who relied upon the power of attorney without actual knowledge that it had been revoked. He also executed an indemnity agreement, which agreed to hold any surety harmless against losses arising from writing the anticipated bond, with the surety having the option to litigate in the county designated as its address.

Dynergy failed to close the transaction by the May 31, 1985

deadline contained in the offer. While the parties are in sharp dispute concerning the subsequent communications between Fasano and Dynergy, there is no question that Dynergy ultimately completed the note to reflect an amount due of $240,000, released the note from escrow, and sold it together with the notes of six other investors to plaintiff Equilease Corporation. On the same date, defendant and third-party plaintiff, Indemnity Insurance Company of North America ("IINA"), in reliance upon, *inter alia,* Fasano's note and indemnity agreement, issued a financial guarantee bond in the amount of $1,080,000, plus interest, naming Fasano and the other investors as principals, with Dynergy as obligee and Equilease as permitted assignee.

Equilease, upon its claim that Fasano had defaulted on the note, brought this action for payment under the bond against IINA, who impleaded Fasano. Prior to answering the third-party complaint, Fasano moved to dismiss pursuant to, *inter alia,* CPLR 3211 (a) (8) on the grounds of lack of personal jurisdiction. The matter was referred to a Special Referee who, after a hearing, recommended a holding that personal jurisdiction had been obtained over Fasano based on finding that the note, which contained the consent to jurisdiction, had never been validly cancelled. The IAS court declined to confirm the Referee's findings and instead granted Fasano's motion to dismiss, finding that the lack of cancellation was not dispositive because the note had expired by its own terms and therefore was no longer binding on Fasano.

We do not agree that the note had expired by its own terms before it was transferred to Equilease, the basis upon which the IAS court invalidated the consent to jurisdiction clause contained in the note. The only document which mentioned an expiration date was the offering memorandum, which was not incorporated into the note. Significantly, Fasano himself has not pursued this argument on appeal.

Moreover, we also reject Fasano's primary argument that, because it was completed without authorization, the note never came into existence and must be considered void as to all its terms. Uniform Commercial Code § 3-115 deals explicitly with the matter of instruments which are signed while still incomplete and later completed without authority by providing that they are to be governed by the same rules applicable to instruments which have been materially altered, found in UCC 3-407. By no means can it be said, as Fasano attempts in this case, that in such a case the instrument does not come into existence. To the contrary, UCC 3-407 (3)

provides that such an instrument, as completed, is enforceable by a holder in due course. In the within case, it is therefore clear that, regardless of the resolution on the factual issues regarding Dynergy's completion of the note, there is absolutely nothing to indicate that the note will be found to have never existed or to be void.

Fasano's reliance on *Bank of N. Y. v Cheng Yu Corp.* (67 AD2d 961) is misplaced. While the court in that case held that the defendant, who allegedly could not read or understand English, was entitled to a jury trial notwithstanding a jury waiver in the note sued upon, such jury trial was directed only to the preliminary issue of whether defendant was fraudulently induced to sign a guarantee of the note without knowing its contents, which defense, if sustained, would have rendered the instrument and all its provisions, including the jury waiver, void. Here, in distinction, as already indicated the defense of unauthorized completion, if established, would not render the note and its provisions void but could merely affect the enforceability of the obligation to pay the note to parties who are not holders in due course. In that context there is no necessity for a preliminary determination of any factual issues relevant to the unauthorized completion defense.

Since there is also no evidence indicating that the consent to jurisdiction clause itself was procured by fraud or otherwise rendered unenforceable *(see, British W. Indies Guar. Trust Co. v Banque Internationale,* 172 AD2d 234), we find that Fasano's consent to submit to the jurisdiction of the courts of this State should be enforced. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.