■ KERMIT CUTTER, Respondent, v DOROTHY H. PETERSON et al., Appellants. [611 NYS2d 368] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered November 5, 1992 in Tompkins County, upon a decision of the court in favor of plaintiff.

Defendants owned a home at 220 Main Street in the Town of Newfield, Tompkins County. Plaintiff, a local building contractor, entered into an oral agreement in May 1990, negotiated by defendant Dorothy H. Peterson (hereinafter Peterson),

for the renovation of defendants' home. Prior to consulting with plaintiff, Peterson had obtained sketches relating to the work to be done from another contractor, Bernie Van Orman, who estimated the cost of the project at $85,000. Plaintiff reviewed Van Orman's sketches and told Peterson that her budget was "tight". He testified that he told her that he would be willing to start the first and second floors and that, if funds were exhausted, the work planned for the cellar would not be done. Peterson understood that the fixed price for the job was $85,000, based largely on the Van Orman estimate. Plaintiff maintained that he understood that while the $85,000 estimate was the target price, defendants had agreed to pay him on a time and materials basis for the work actually performed. Plaintiff also testified that, based upon the parties' agreement, he would bill the work as he went along on a 30-30-30-10 percentage basis.

Plaintiff began the work and billed defendants in three installments of $25,000 each on July 5, 1990, August 14, 1990 and August 30, 1990, totaling $75,000. Defendants paid $74,-000. Plaintiff also billed defendants an additional $52,000 on November 6, 1990, plus other bills totaling about $9,000 in December 1990 and February 1991. Defendants refused to make further payments.

Plaintiff subsequently filed a mechanic's lien against the property and commenced the instant action to, *inter alia,* recover the amount allegedly due and owing to him. Defendants answered and counterclaimed against plaintiff. Following a trial Supreme Court, in a written decision (and a later revised decision),* found that Peterson was mistaken in her belief that plaintiff had agreed to perform the proposed work for the fixed price of $85,000, that plaintiff knew of Peterson's mistake but failed to advise defendants of the overrun, and, in the interest of justice, imposed a fixed price contract upon the parties of $115,000. Supreme Court further credited defendants with the $74,000 they had paid, leaving $41,000 plus interest due to plaintiff.

In our view, Supreme Court erred in granting relief to plaintiff on "such terms as justice requires" (Restatement [Second] of Contracts § 158 [2]) and in constructing a fixed price contract for the parties in the amount of $115,000, based on the amount billed to defendants in the first three billings

---

* The revised decision credited defendants with the payment of the $74,-000 and specified that interest on the award be payable at the statutory rate of 9%.

($75,000) and the amount defendants were authorized to borrow from the bank ($40,000). The judgment in favor of plaintiff should, therefore, be modified to reduce the amount due plaintiff from $41,000 plus interest to $11,000 plus interest (based on the agreed fixed contract price of $85,000 less the $74,000 previously paid by defendants).

The proof demonstrates that plaintiff manifested an assent to do the work for the fixed price of $85,000. It is not what a party subjectively thought was meant or intended by the offer or acceptance made, but "what a reasonable person in the position of the parties would have thought [was] meant" (2 Williston, Contracts § 6:57, at 686 [Lord 4th ed]; *see, Pimpinello v Swift & Co.,* 253 NY 159, 163). Plaintiff testified that in May 1990 he thought it was feasible to perform the work for $85,000 based on the estimate given by Van Orman, and he admitted that it was a tight budget. Plaintiff also stated that he knew at that time that Peterson "was under the impression at least that the job as shown on the Van Orman notes could be done for the $85,000 Van Orman figure". Further, plaintiff also admitted suggesting to Peterson that if they got up toward the $85,000 figure, "we'll forget the basement". Additionally, plaintiff testified that he was aware, after receiving the architect's drawings in June 1990, that the price of the job would exceed $85,000, but failed to advise defendants the extent to which the job was over budget.

It was also clear that plaintiff agreed to bill the job on a 30-30-30-10 basis and appeared to do so in respect to his first three billings. While plaintiff claimed he was billing on a time and materials basis, however, he submitted billings based on the $85,000 contract price even after he knew the project was over budget. Plaintiff explained that he billed according to the 30-30-30-10 formula to give defendants confidence that the project could be done for $85,000. Thus, plaintiff, knowing that Peterson believed that he had agreed to do the renovation work for the fixed sum of $85,000, billed in such a way as to reinforce that belief and withheld information that the project was over budget. These acts indicate that Peterson's belief that plaintiff agreed to do the work for $85,000 was what a reasonable person in the position of the parties would have thought *(see, supra).*

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to defendants, by reversing so much thereof as awarded plaintiff the sum of $41,000; said award in favor of

plaintiff is reduced to $11,000, plus interest; and, as so modified, affirmed.