▇ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED A. ARGENTINE, Appellant.— Motion by appellant for summary reversal of judgments of conviction and for a new trial by reason of the failure of the Clerk of the trial court to furnish appellant with the requisite typewritten transcripts as directed by prior orders of this court granting appellant leave to prosecute his appeals on the original papers and typewritten transcripts. The motion is denied. Our prior orders must be read in the light of the relevant statutory provisions (Code Crim. Pro., §§ 458, 485, 456). When so read, it is clear that appellant is entitled only to a transcript of the proceedings upon the trial, the proceedings relating to the evidence adduced and to be adduced upon the trial, and the proceedings relating to sentence and resentence. Other incidental pretrial and posttrial proceedings do not ordinarily constitute part of the judgment roll and may not be presented to the appellate court on appeal. It appears that, with two exceptions, appellant has already been furnished with a transcript of all the proceedings which are properly part of the judgment rolls. The two exceptions are: (1) the transcript of the stenographic minutes of the hearing held March 3, 1964, at which the appellant, during the trial pleaded guilty; and (2) the transcript of the minutes of the hearing held March 18, 1964, at which appellant was sentenced. The Clerk of the trial court is directed to furnish forthwith to the appellant transcripts of such minutes; and each such transcript should contain an appropriate certification, pursuant to statute (Code Crim. Pro., § 456), that it is an accurate transcript of the proceedings. In the interim, the appeals have been directed to be placed on the Calendar for the April Term. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

▇▇▇▇▇▇▇▇▇▇▇▇

## (January 24, 1966)

▇ FRANKLIN NATIONAL BANK OF LONG ISLAND, Appellant, v. JOSEPH CAPOBIANCO et al., Respondents.— In an action upon guarantees executed by defendants, plaintiff appeals from an order of the Supreme Court, Suffolk County, entered May 6, 1965, which denied its motion to strike defendants' jury demand and restore the action to the Nonjury Calendar. Order reversed, without costs, and motion granted. A loan agreement between plaintiff and defendants provided that "in the event any dispute shall arise with respect to any of the instruments executed in connection herewith * * * it [is] understood that all of the parties waive right to trial by jury and * * * any rights to interpose any counterclaims in any suit or proceeding that may be brought." The loan agreement further provided that its provisions were incorporated into any other instruments executed in connection with it. In our opinion, the contention of defendants guarantors that plaintiff's action upon defendants' agreements of guarantee, which did not contain waivers of jury trials, precluded any reference to the loan agreement in determining defendants guarantors' right to a jury trial is clearly untenable. The right to a jury trial may be waived in an instrument other than that representing the agreement upon which the action is founded. Further, we construe the language of the waiver to be applicable to any action involving defendants' agreements of guarantee. (See *Bonnie-Lassie Sportswear* v. *Century Factors,* 283 App. Div. 702.) Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.