■ CHEMICAL BANK, Respondent, and EDWARD A. CHWATT, Doing Business as LONDON COMPANY, Plaintiff, v JACK I. SUMMERS, Also Known as JACK SUMMERS, et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County, entered June 19, 1978 granting the plaintiff Chemical Bank's motion to strike defendants Summers' demand for a jury trial, unanimously modified, on the law, without costs or disbursements, to the extent of denying the motion as to the second cause of action, insofar as it seeks recovery of an alleged overdraft, and to the sixth cause of action in its entirety, and, except as thus modified, affirmed. Special Term properly found that there was a contractual waiver of defendants Summers' right to a jury trial contained in the notes which they either, collectively indorsed and guaranteed, or individually signed as maker. The Summers do not assert that they were unaware of what they were doing when they signed these notes in either capacity. Thus, the jury waiver clauses are enforceable. (See *James Talcott, Inc. v Wilson Hosiery Co.,* 32 AD2d 524.) The Summers do claim, however, the waiver clause is not applicable to an indorser or guarantor. Yet, the jury waiver clause specifically, by its terms, applies to "Each Obligor". Obligor is defined to include "each indorser or guarantor". This is sufficient to deny a jury trial on the first, third, and fifth causes of action, and on the second cause of action based on a written guarantee (which did not contain a jury waiver) to the extent that the second cause of action is based on nonpayment of the note (which did contain a waiver), that is the subject of the first cause of action. That part of the second cause of action seeking recovery of a bank overdraft under the guarantee is not affected by the jury waiver. Since no waiver was contained in the Master Charge agreement, the Summers are entitled to a jury trial on the sixth cause of action. They are not entitled to a jury on the seventh cause of action, however, because the revolving credit agreement, upon which it is based, does contain a waiver. Furthermore, they have statutorily waived their right to a jury trial on their separate defenses and counterclaims, as well, by joining equitable defenses and equitable counterclaims with legal defenses and legal counterclaims, all of which arise out of the same acts or transaction. (CPLR 4101, 4102, subd [c]; see *Fritschy Corp. v Chase Manhattan Bank,* 36 AD2d 600.) Concur—Birns, J. P., Evans, Fein, Sullivan and Lynch, JJ.