■ WILLIAM J. COHN et al., Appellants, v MARIE M. ADLER, Individually and as Executrix of MURRAY S. ADLER, Deceased, et al., Respondents.—In an action, *inter alia,* for specific performance of purchase option agreements and damages for breach of the same agreements and for breach of leases, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated November 17, 1986, which denied their motion to strike the defendants' jury demand.

Ordered that the order is modified by deleting the provision thereof which denied those branches of the motion which were to strike the jury demand with respect to the defendant Adler as to the first, second and fourth through twelfth causes of action, inclusive, and, with respect to the defendant Triport, Inc., with respect to the first and second causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 1978 the plaintiffs entered into separate leases with Murray Adler, now deceased, for medical office space in Port Jefferson Station, New York. The leases contained the following waiver of jury trial provision, "To the extent such waiver is permitted by law the parties waive trial by jury in any action or proceeding brought in connection with this Lease or

The Premises". The parties also executed separate purchase option agreements for the leased premises which did not contain a jury trial waiver. In 1982, Mr. Adler died and, pursuant to the terms of the leases, the defendant Marie Adler became the landlord.

In 1984, the plaintiffs exercised their options to purchase the premises. However, the defendant Marie Adler refused to sell to them, and, thereafter, she sold the premises to the defendant Triport, Inc. The plaintiffs then commenced this action seeking specific performance of the purchase option agreements, rescission of the deed purportedly conveying the premises to Triport, Inc., an accounting of money paid to the defendants pursuant to a stipulation subsequent to Marie Adler's refusal to convey title to the plaintiffs and, as to the defendant Marie Adler only, for damages for breach of the purchase agreements, breach of the leases and for malicious interference with the electrical and telephone service at the subject premises. The defendants subsequently demanded a jury trial. The plaintiffs moved to strike this demand asserting the waiver provision of the leases and arguing that the waiver should be read to apply to the causes of action grounded on the purchase agreements as well as the leases. The court denied the plaintiffs' motion and this appeal ensued.

Initially, we note that the first cause of action seeking specific performance is equitable in nature and, therefore, must be tried without a jury (CPLR 4101). With respect to the fourth through twelfth causes of action inclusive as against the defendant Marie Adler, the plaintiffs' motion to strike the jury demand should have been granted. Those causes of action are based on various breaches of the leases which contain jury waiver provisions. No claim is made concerning the validity of the waivers. Accordingly, the waivers should be enforced to the extent indicated (see, James Talcott, Inc. v Wilson Hosiery Co., 32 AD2d 524, 525; Franklin Natl. Bank v Capobianco, 25 AD2d 445). The waivers are not, however, applicable to the thirteenth cause of action alleging malicious interference by the defendant Adler with the electrical and telephone service. That claim, sounding in intentional tort, is not grounded on the leases which are silent on the question of telephone service.

Similarly, the waiver does not preclude trial by jury of the third cause of action against the defendant Adler alleging damages as a result of the breach of the purchase agreements. Although "[t]he right to a jury trial may be waived in an instrument other than that representing the agreement upon

which the action is founded" *(Franklin Natl. Bank v Capobianco, supra,* at 445), it must be determined that such a waiver was intended by the parties *(see, Klipack v Raymar Novelties,* 273 App Div 54, *mod on other grounds* 273 App Div 1005). Here, unlike *Franklin Natl. Bank v Capobianco (supra),* there was no reference in the leases containing the jury waiver to any other agreements entered into between the same parties. Had the parties intended for the jury waiver to apply to the purchase agreements, a statement to that effect could have been included. We decline to find a waiver of the right to a jury trial in the absence of a clear statement of such an intent *(see, Mendelson v Adler,* 138 AD2d 465).

The second cause of action is grounded upon a stipulation entered into by the parties to this action which provides that "[T]he rights and claims of the parties to [money paid pursuant to the stipulation] are preserved for submission to and determination by the trial court". This provision which is repeated throughout the stipulation, constitutes a clear statement of the parties' intent to have issues arising under the stipulation determined by the trial court rather than a jury and should be enforced. Thus, as to the second cause of action, the plaintiffs' motion to strike the jury demand should have been granted.

With respect to the defendant Triport, Inc., the plaintiffs' motion to strike the jury demand should have been granted in its entirety. Triport, Inc., is named as a defendant in only the first two causes of action. As noted above, the first cause of action is equitable and the second is based on a stipulation containing a valid jury waiver.

Since none of the parties have provided this court with a copy of the defendants' answer or answers to the complaint or advised this court of the nature of the counterclaims, we do not now rule on any parties' entitlement to a jury trial on the counterclaims. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.