**Larry O. HULSEY, Petitioner,**

v.

**Lee R. WEST, District Judge, United States District Court for the Western District of Oklahoma, Respondent.**

**Federal Deposit Insurance Corporation, Continental Illinois National Bank & Trust Company, Real Parties in Interest.**

**No. 92–6028.**

United States Court of Appeals, Tenth Circuit.

June 5, 1992.

Karen L. Howick and Anita M. Moorman, of Karen L. Howick & Associates, Oklahoma City, Okl., for petitioner.

Ricki V. Sonders, John C. Platt, and Jane S. Eulberg, of Edwards, Sonders & Propester, Oklahoma City, Okl., for real party in interest F.D.I.C. Corp.

Mack J. Morgan, III, and Mark S. Edmondson, of Crowe & Dunlevy, Oklahoma City, Okl., for real party in interest Continental Illinois Nat. Bank & Trust Co.

Before LOGAN, SEYMOUR, and BALDOCK, Circuit Judges.

PER CURIAM.

By petition for writ of mandamus, petitioner seeks an order of this court directing the district court to reinstate his right to a jury trial in case No. CIV–90–1472–W, currently pending in the United States District Court for the Western District of Oklahoma.[1] The FDIC brought the underlying action against petitioner and his oil and gas company (Company) to recover the principal and interest due on a loan Continental Illinois National Bank & Trust Co. (CINB) made to the Company and petitioner personally guaranteed. Petitioner and the Company filed counterclaims against the FDIC for breach of contract, as well as third-party claims against CINB for breach of contract and for violation of the Bank Tying Act, 12 U.S.C. §§ 1971–1978. Petitioner and the Company demanded a jury trial on all claims. On motion of the FDIC and CINB, the district court struck the jury demands. The court concluded that both the Company and petitioner were bound to a jury waiver provision in an amendment to the loan agreement between the Company and CINB. The issue before us is whether petitioner was bound by the jury waiver provision when he did not execute the loan agreement amendment in his individual capacity. Under the circumstances of this case, we conclude that petitioner was not so bound.

In 1982, the Company executed a Secured Revolving Credit Agreement with CINB that was secured by certain mortgages and personally guaranteed by petitioner. Over the next few years, CINB and the Company executed various amendments to the original loan agreement, including the Third Amendment to Credit Agreement and Amendment to Note (Third Amendment), which contained the jury waiver provision at issue. The Third Amendment, executed in 1986, provided in pertinent part:

> *Waiver of Jury Trial.* The Company waives any right to a trial by jury in any action or proceeding to enforce or defend any rights under the Credit Agreement as herein amended or under any amendment, instrument, document or agreement delivered in connection herewith or arising from any banking relationship existing in connection with the Credit Agreement as herein amended, and agrees that any such action or proceeding shall be tried before a court and not before a jury.

Appendix to Petition for Writ of Mandamus, Third Amendment at 71. The Third Amendment defined the "Credit Agreement" as the original credit agreement and all subsequent amendments. *Id.* at 67. It also provided that it was "binding upon the Company and the Bank and their respective successors and assigns, and shall inure to the benefit of the Company and the Bank and the successors and assigns of the Bank." *Id.* at 71. "The Company" was defined as "Larry O. Hulsey & Co., a Texas corporation." *Id.* at 67. Petitioner executed the Third Amendment solely in his capacity as president of the Company.

The FDIC and CINB advanced the same arguments in the district court that they assert in opposition to the mandamus petition. First, they contended that because all the claims in the case arose out of the Credit Agreement as defined in the Third Amendment, the Company was not entitled to a jury trial. Second, they argued that although petitioner did not execute the

---

1. This is an original proceeding in the nature of mandamus. The panel has determined unanimously that oral argument would not materially assist the determination of this action. The case is therefore ordered submitted without oral argument.

Third Amendment in his individual capacity and his guaranty did not contain a jury trial waiver provision, he, too, was bound by the waiver provision in the Third Amendment. The FDIC and CINB reasoned that (1) the waiver provision expressly applied to a document executed in connection with the Credit Agreement, (2) petitioner's guaranty was such a document, and (3) petitioner was aware of the jury waiver provision because he executed the Third Amendment on behalf of the Company.

In the district court, petitioner initially joined the Company in arguing that he was not bound by the jury waiver provision because the Third Amendment was executed under economic duress. The district court rejected this argument, concluding that petitioner and the Company had the burden of showing the waiver provision was not executed knowingly and voluntarily, and that they failed to make the necessary showing. Petitioner then sought reconsideration and clarification of the district court's order on the ground that even if he did execute the waiver knowingly and voluntarily, he did so only on behalf of the Company and could not be bound by the waiver personally. The district court denied the requested relief and petitioner filed this mandamus action.

Petitioner asserts that the district court improperly placed upon him the burden of showing that the contractual waiver was not knowing and voluntary. The circuits are split on this issue when considering an express provision in a contract. *Compare Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir.1986) ("Where waiver is claimed under a contract executed before litigation is contemplated, we agree with those courts that have held that the party seeking enforcement of the waiver must prove that consent was both voluntary and informed.") *with K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 758 (6th Cir.1985) ("We agree that in the context of an express contractual waiver the objecting party should have the burden of demonstrating that its consent to the provisions was not knowing and voluntary."). We need not resolve this issue, however, because the FDIC and CINB did not meet their initial burden of showing that petitioner was personally bound by the jury waiver provision.

Generally, a jury waiver provision in a contract or lease affects only the rights of the parties to that contract or lease. *See Central Inv. Assocs., Inc. v. Leasing Serv. Corp.*, 362 So.2d 702, 704 (Fla.Dist.Ct.App. 1978); *Shapiro v. Marstone Distribs., Inc.*, 40 A.D.2d 878, 337 N.Y.S.2d 928, 930 (1972); W.B. Shipley, Annotation, *Validity and Effect of Contractual Waiver of Trial by Jury*, 73 A.L.R.2d 1332, § 4[a] (1960). In the district court, the FDIC and CINB relied on the rationale of *Chemical Bank v. Summers*, 67 A.D.2d 856, 413 N.Y.S.2d 148 (1979), to support their argument that petitioner was bound by the jury waiver provision even though he did not execute the Third Amendment in his individual capacity. The district court adopted *Chemical Bank*'s rationale in its decision as well. The facts of *Chemical Bank*, however, differ significantly from those here.

The court in *Chemical Bank* ruled in pertinent part as follows:

> Special Term properly found that there was a contractual waiver of defendant Summers' right to a jury trial contained in the notes which they either, collectively indorsed and guaranteed, or individually signed as maker. The Summers do not assert that they were unaware of what they were doing when they signed these notes, in either capacity. Thus, the jury waiver clauses are enforceable. The Summers do claim, however, the waiver clause is not applicable to an indorser or guarantor. Yet, the jury waiver clause specifically, by its terms, applies to "Each Obligor." Obligor is defined to include "each indorser or guarantor." This is sufficient to deny a jury trial on the first, third, and fifth causes of action, and on the second cause of action based on the written guaranty (which did not contain a jury waiver) to the extent that the second cause of action is based on nonpayment of the note (which did contain a waiver), that is the subject of the first cause of action.

*Id.* 413 N.Y.S.2d at 148–49 (citation omitted). By contrast, the terms of the waiver provision here applied only to "the Company," not to petitioner. Therefore, only the Company waived its right to a jury trial on any dispute arising from petitioner's guaranty.

In its response to the mandamus petition, the FDIC relies on two additional cases that we find distinguishable. In *Chase Commercial Corp. v. Owen*, 32 Mass.App. Ct. 248, 588 N.E.2d 705, 706–07 (1992), the court determined that two defendants who executed a personal guaranty were bound by jury waiver provisions in the loan document and security agreement executed by one of the defendants in his capacity as president of the company, even though the personal guaranty did not contain a jury waiver provision. The court reasoned that all three documents should be construed together to effectuate the intention of the parties because all three documents were executed at the same time, the guaranty made reference to the other two documents, and the documents served an interrelated purpose. *Id.* 588 N.E.2d at 707. The court then concluded that because the underlying agreements with the company contained jury waiver provisions, the individual defendants also waived their right to a jury trial on any claims relating to the transaction. *Id.*

The facts of the present case vary from those of *Chase Commercial Corp.* in one important respect: the document containing the jury waiver provision and petitioner's personal guaranty were not executed at the same time. The Third Amendment was executed four years after petitioner executed his personal guaranty. *Cf. Okura & Co. (Am.), Inc. v. Careau Group*, 783 F.Supp. 482, 489 (C.D.Cal.1991) (holding that defendants were entitled to jury trial on claims arising under agreement that was executed a year before documents containing jury waiver provision). The FDIC contends that this four-year passage of time is irrelevant because petitioner's personal guaranty provided that his liability thereunder would not be affected by "[a]ny renewal, extension and/or rearrangement of the payment of any or all of the Liabilities or the performance of any covenants contained in any instrument executed in connection with or as security for the Liabilities." Appendix to Petition for Writ of Mandamus, Guaranty at 72–73.[2] We agree with petitioner, however, that this language in the guaranty relates only to petitioner's liability on the loan, not to incidental rights petitioner may have in connection with a dispute over that liability, such as the right to a jury trial.

The second case upon which the FDIC relies is *Franklin National Bank v. Capobianco*, 25 A.D.2d 445, 266 N.Y.S.2d 961 (1966). The operative facts of that case are distinguishable from those here, however, because there the same defendants executed the loan agreement containing the jury waiver and the guaranties, and the loan agreement provided that its provisions were incorporated into any other instrument executed in connection with it. *Id.* 266 N.Y.S.2d at 962.

"[T]he right to grant mandamus to require jury trial where it has been improperly denied is settled." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959); *see also Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 387–88 (10th Cir.1990) (determining that denial of jury demand was properly reviewable by way of mandamus). To obtain mandamus relief, petitioner must show "a clear right to the relief sought, a plainly defined and peremptory duty on the part of the respondent to do the action in question, and no other adequate remedy available. Petitioner must also show that his right to the writ is 'clear and indisputable.'" *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir.1990) (citation omitted).

---

**2.** The guaranty defined "Liabilities" as "all obligations of the Borrower to you, howsoever created, arising or evidenced, whether direct or indirect, absolute or contingent, or now or hereafter existing, or due or to become due." Appendix to Petition for Writ of Mandamus, Guaranty at 72. The "Borrower" was defined as "Larry O. Hulsey & Co., a Texas corporation." *Id.*

Under the circumstances of this case, petitioner has established a clear and indisputable right to have a jury trial on the FDIC's claims against him, individually, and on his individual claims against CINB. Petitioner conceded in the district court that he had no right to a jury trial on his claims against the FDIC. Accordingly, the mandamus petition is GRANTED. Respondent is ordered to reinstate petitioner's jury demand on the FDIC's claims against him and his claims against CINB.