■ Hernando Uribe et al., Respondents, v Merchants Bank of New York, Appellant. [642 NYS2d 23] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 16, 1995, denying defendant's motion to vacate plaintiff's jury demand, unanimously reversed, on the law, without costs, and the motion to vacate plaintiff's jury demand is granted.

This action arises out of the alleged loss of $2 million of property from a safe deposit box rented by plaintiff in defendant bank. The rental agreement and other documents signed by plaintiff incorporated by reference the bank's rules and regulations relating to the rental of safe deposit boxes. At paragraph 9, the rules provide that "The Bank and the Renters waive trial by jury in any action or proceeding or counterclaim arising out of or relating to access to the safe, its contents, or any other matter relating to this issue." Jury waiver provisions are valid and enforceable as a general matter (*Barclays Bank v Heady Elec. Co.,* 174 AD2d 963 [3d Dept 1991], *lv dismissed* 78 NY2d 1072; *Chemical Bank v Summers,* 67 AD2d 856 [1st Dept 1979]). Nevertheless, here, the IAS Court refused to give force to the jury waiver provision contained in paragraph 9, holding that it only applied to disputes arising

out of plaintiff's access to the safety box, rather than that of third parties. Additionally, the IAS Court pointed to the failure of the disclaimer clause contained at paragraph 7 of the bank's rules to include a jury waiver as support for its interpretation of the contract.

In our view, the instant action falls plainly within the scope of paragraph 9. The two clauses of the contract at issue function independently. Paragraph 7 is a disclaimer, and shifts the burden with respect to liability from the bank to the renter. While it is accurate that paragraph 7 does not contain a jury waiver, this is hardly surprising given that it addresses liability, and not the mode of resolving disputes. Paragraph 9 specifically addresses one mode of resolving disputes, *i.e.*, a trial. In the eventuality of a trial, the clause clearly and unambiguously provides that both parties agree to waive the right to a jury trial. The clause is broadly written—applying to *any action or proceeding* involving *any access* to the safe or its contents—which is the subject in dispute—or *any other matter relating to this issue*. The clause does not operate, by its terms, only when there is a dispute as to *plaintiff's access*.

Plaintiff's alternative arguments are equally devoid of merit. Thus, defendant's motion to vacate the jury demand should have been granted. Concur—Murphy, P. J., Ross, Tom and Mazzarelli, JJ.