■ HIGHBRIDGE HOUSE OGDEN LLC, Respondent, v HIGHBRIDGE ENTITIES LLC, Appellant. [64 NYS3d 32]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 13, 2017, which granted plaintiff's motion to strike defendant's jury demand, unanimously affirmed, without costs.

The plain terms of the purchase agreement and the escrow agreement clearly evince the parties' intent to waive their rights to a trial by jury. The right to a jury trial may be waived "in an instrument other than that representing the agreement upon which the action is founded" (*Barclays Bank of N.Y. v Heady Elec. Co.*, 174 AD2d 963, 964 [3d Dept 1991], *appeal dismissed* 78 NY2d 1072 [1991]; *Franklin Natl. Bank of Long Is. v Capobianco*, 25 AD2d 445 [2d Dept 1966]).

The escrow agreement had a broad, clear and complete waiver with respect to "ANY ACTION OR PROCEEDING ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT," and the express terms of both agreements memorialize the parties' intent that the two documents be read in tandem. The purchase agreement provides that the escrow agreement, which was attached as an exhibit, was "hereby made part hereof." It also provided that all exhibits, including the escrow agreement, were to be "incorporated into this [Purchase] Agreement as if fully set forth herein." The escrow agreement provided that it and the purchase agreement "contain[ed] the entire agreement and understanding between the parties." Regardless, even if the parties had not intended for the purchase agreement and the escrow agreement to be read together, this dispute, concerning return of the escrow funds, "arises out of" and is "in connection with" the escrow agreement. The broad jury waiver provision in the escrow agreement clearly applies.

We have considered the parties' remaining contentions, and find them unavailing. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.