Igtet v Board of Mgrs. of Trump Intl. Hotel & Tower Condominium (2018 NY Slip Op 04649)





Igtet v Board of Mgrs. of Trump Intl. Hotel & Tower Condominium


2018 NY Slip Op 04649


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6935 152552/15

[*1]Sara R. B. Igtet, Plaintiff-Respondent,
v
Board of Managers of Trump International Hotel & Tower Condominium, Defendant-Appellant, Mintz, Levin, Cohn, Ferris, Glovsky, & Popeo, P.C., etc., Defendant.


Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 23, 2016, which denied defendant Board of Managers of Trump International Hotel & Tower Condominium's motion for summary judgment dismissing the complaint and on its cross claim for a mandatory injunction against defendant escrow agent, unanimously modified, on the law, to grant the motion to the extent of declaring in defendant Board's favor with respect to the funds held in escrow, and directing the escrow agent to release the escrowed funds to the Board, and otherwise affirmed, without costs.
Plaintiff's apartment in defendant's building, as well as other units, hotel rooms, and common elements of the building, sustained damage after a pipe supplying water to plaintiff's kitchen sink sprang a leak. The Board undertook to repair the damage, and charged plaintiff for its expenses. Ultimately, plaintiff placed money in an escrow account pending resolution of this dispute. The escrow agreement provided, inter alia, that the funds would be released to the Board 12 months after the date of the agreement's execution upon written notice that the dispute had not been resolved (the forfeiture clause).
There having been no final resolution of this dispute within 12 months after the execution of the escrow agreement, the Board established prima facie its entitlement to the escrowed funds in accordance with the agreement's unambiguous forfeiture clause (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Highbridge House Ogden LLC v Highbridge Entities LLC, 155 AD3d 505 [1st Dept 2017]). In opposition, plaintiff failed to raise an issue of fact as to the Board's right to the funds.
Plaintiff also failed to raise an issue of fact as to her contention that the Board acted in bad faith to prevent the dispute from reaching a final resolution within 12 months after the execution of the escrow agreement. There is no evidence of bad faith on the Board's part in the record. Nor did plaintiff show that she took any good faith steps to move the matter forward during the relevant period. Indeed, she now seeks discovery of the apartment, which she no longer owns, without
explaining why she never inspected or photographed the offending pipe during the year in which she still owned the apartment following the leak.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK